TAYLOR, Judge.
William Franklin McNabb was convicted of stabbing his wife to death outside of the Coal Line Bar in Birmingham, Alabama. The court, taking into consideration three alleged prior felony convictions, sentenced him to life imprisonment without parole. He now appeals.
I
Appellant contends that his statement given to the police was involuntary due to his intoxication. The facts in this respect indicate that when the police took McNabb into custody, his rights were read to him and officers proceeded to question him. He stated in effect that he had a mental problem and had no recollection of killing his wife. The officers, determining that he had been drinking, terminated the interview. Thirteen hours later, the officers came back, again apprised the appellant of his rights, and proceeded to question him. He waived his right against self-incrimination and again told the officers that he did not remember killing his wife.
The testimony of Officer Albert Wallace with respect to this was:
“Q: Did he ever tell you that he didn’t want to talk to you.
“A: No, sir.
“Q: You said that he was not cooperative.
“A: The night before, he had been drinking and he acted like he was just beside himself.
“Q: You talked to him anyway?
“A: I talked to him a few minutes and determined that he had been drinking, and then I left and came back the next day.
“Q: You asked him about the killing though, didn’t you?
“A: Yes, sir.
“Q: He said at that time that if you all say I did it I must have done it?
“A: Yes, sir.”
The following day the appellant stated to Officer Wallace that he had a mental problem and he had done some things in the past that he was not aware of. Further, Wallace testified before the jury as follows:
“Q: Did he make a statement to you?
“A: He made a short statement. Yes, sir.
“Q: Did you go into any detail with him at that time?
“A: No, sir.
“Q: Why?
“A: He appeared to be drinking and I decided not to talk to him while he was drinking.”
The contention is that because of the intoxication, the first statement was involuntary and that the second statement was tainted by the first. The officer also testified out of the presence of the jury that when he asked McNabb if he remembered talking with him the previous night, McNabb answered, “No.”
We recognize that the law is as the appellant states it is. However, we do not feel that the facts in this case justify an application of that law. We do not think that the appellant’s constitutional rights were violated by the conduct of the police in beginning to question him. Only by talking with him did they determine that he was intoxicated. Once they were satisfied that he had been drinking, they decided to come back another time. The statement on the first questioning was little more than a denial. He said he didn’t remember committing the crime. There appears to have been no violation of the constitutional rights of the appellant, William Franklin *972 McNabb, upon this set of facts. Hence, the statement taken the next day was admissible against the appellant. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
II
Appellant next contends that the state, at sentence hearing, failed to comply with Alabama Rules of Criminal Procedure— Temp.Rules, Rule 6(b)(3)(h), which provides:
“(ii) At a reasonable time prior to the hearing the defendant shall be given notice of the prior conviction or convictions upon which the state intends to proceed.”
We are unable to find in the record that the appellant was ever given any notice of any kind of the convictions on which the state intended to proceed. We must therefore remand the case for sentencing. For this reason, we do not reach the appellant’s contention that the sentence received was cruel and unusual.
REMANDED FOR SENTENCING.
All the Judges concur; except BOWEN, P.J., who concurs in result only.
ON RETURN TO REMAND
TAYLOR, Judge.
On July 31, 1984, we remanded this cause for resentencing in McNabb v. State, 462 So.2d 970 (Ala.Crim.App.1984).
The appellant was convicted of stabbing his wife to death. His prior offenses consisted of assault with intent to murder and two robberies. His sentence to life imprisonment without parole seems to us appropriate, not disproportionate, and not cruel and unusual.
A return having been filed in this court wherein a resentencing hearing was held and the defendant was sentenced to a term of life without parole, this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.